**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEBRA MITCHELL-JENKINS,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

Civil Action No. 13-1500 (DAR)

<u>**MEMORANDUM OPINION**</u>

        Plaintiff Debra Mitchell-Jenkins brings this action against the Defendant, Carolyn Colvin, Acting Commission of Social Security, seeking to vacate and remand the decision of an Administrative Law Judge ("ALJ") denying Plaintiff's claims for Supplemental Security Income ("SSI"). This action was referred to the undersigned United States Magistrate Judge for full case management and, thereafter, the parties consented to proceed for all purposes. The determinations at issue are (1) whether the ALJ properly weighed various medical opinions, including the opinion of the Plaintiff's treating physician; (2) whether the ALJ afforded the proper weight to Plaintiff's subjective symptoms; (3) whether the ALJ properly evaluated Plaintiff's psychological issues; and (4) whether the ALJ adopted the appropriate vocational expert testimony. Pending for determination by the court are Plaintiff's Motion for Judgment of Reversal (Document No. 10) and Defendant's Motion for Judgment of Affirmance (Document No. 11). Upon consideration of the parties' motions, the memoranda in support thereof and in opposition thereto, and the administrative record, the court will grant Plaintiff's motion in part, deny Defendant's motion, and remand the matter for further proceedings.

**FACTUAL BACKGROUND**

Plaintiff is a 55-year-old woman with an extensive medical history, including several surgeries relating to abdominal hernias; arthritis in her knees; diverticulitis; and depression. Memorandum in Support of Plaintiff's Motion for Judgment of Reversal at 2–11.  In 2004, Plaintiff applied for SSI with a date disabled of June 18, 1998 due to depression and stomach problems.  *Id*. at 12.  On October 7, 2004, the Social Security Administration ("SSA") denied Plaintiff's claim.  *Id*.  On December 8, 2004, Plaintiff requested reconsideration of SSA's denial. *Id*.  On November 5, 2005, SSA denied Plaintiff's request for reconsideration.  *Id*.  On January 6, 2006, Plaintiff requested a hearing by an ALJ, which took place on December 7, 2006.  *Id*. at 13. On April 4, 2007, ALJ Eugene Bond determined that Plaintiff was not disabled.  *Id*.  On June 25, 2007, Plaintiff requested review of ALJ Bond's determination by the Appeals Council.  *Id*.  On August 24, 2009, the Appeals Council remanded the case to ALJ Bond, who, on August 24, 2010, again denied Plaintiff's SSI claim.  *Id*. at 13–14.  On October 27, 2010, Plaintiff requested a second review of the ALJ's decision, and on July 21, 2012, the Appeals Council remanded the case to a new ALJ, Thomas Mercer Ray, for a new hearing, and the development of a new administrative record.  *Id*. at 14.

On December 13, 2012, ALJ Ray held a new hearing, and, on January 14, 2013, denied Plaintiff's SSI claims.  *Id*. at 15–16.  ALJ Ray determined that Plaintiff's statements concerning her subjective symptoms were not fully credible and that Plaintiff did not meet the criteria to be classified as disabled within the meaning of the Social Security Act.  *Id*. at 16.  In March, 2013, Plaintiff requested review of ALJ Ray's decision by the Appeals Council, but on July 24, 2013, the Appeals Council denied Plaintiff's request.  *Id*. at 17.  The SSA Appeals Council's denial of

Plaintiff's request for review constitutes a final agency action subject to judicial review. Complaint (Document No.1) at 1.

Plaintiff filed this action on September 27, 2013 seeking to vacate ALJ Ray's decision and to remand this matter for reconsideration. Complaint (Document No. 1) at 3. Plaintiff is also seeking costs and attorney's fees. *Id*. at 4. On April 7, 2014, Plaintiff filed a Motion for Judgment of Reversal. (Document No. 10). In response to Plaintiff's Complaint and Motion for Judgment of Reversal, Defendant filed a Motion for Judgment of Affirmance (Document No. 11) on June 6, 2014. Plaintiff filed a Reply in Support of Her Motion for Reversal and Opposition to Defendant's Motion for Judgment of Affirmance (Document No. 14) on June 20, 2014. Defendant also filed a Reply in Further Support of Motion for Judgment of Affirmance (Document No. 15) on July 3, 2014.

**CONTENTIONS OF THE PARTIES**

In filing the Motion for Judgment of Reversal, Plaintiff contends that the ALJ's decision denying her claim for SSI beginning April 28, 2004 was "arbitrary, capricious, contrary to substantial evidence and reached through incorrect application of the correct legal standard." Memorandum in Support of Plaintiff's Motion for Judgment of Reversal (Document No. 10) at 1. Plaintiff supports her contention with four main arguments.

First, Plaintiff argues that the ALJ failed to properly weigh the various medical opinions, and, more specifically that the ALJ (1) failed to adequately consider the medical records of Doctors Massoglia, McCullough, Steinweg and the records of examining psychologist Dr. Kern, *id*. at 28; (2) failed to give sufficient weight to the medical opinion of Plaintiff's treating physician, Dr. Douglas, *id*. at 29–30; and (3) gave excessive deference to certain opinions in conflict with the substantial evidence presented in the record as a whole, *id*. at 30. According to

Plaintiff, the ALJ inappropriately afforded weight to the medical opinions "that best fit his beliefs about [Plaintiff] instead of giving the appropriate weight to all medical evidence." *Id*. at 32.

Defendant responds to this first allegation by contending that the ALJ properly weighed all necessary medical opinions and presented his rationale for decisions regarding weight and credibility. Memorandum of Law in Support of Defendant's Motion for Judgment on Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal (Document No. 11) at 15–16; Defendant's Reply in Further Support of Motion for Judgment of Affirmance (Document No. 15) at 1–4. Defendant argues that the ALJ was not required to analyze the notes of Drs. Massoglia, McCullough, Steinweg and Kern because they were merely factual and did not contain "judgments" on Plaintiff's symptoms, diagnosis, or prognosis, nor did they contain "judgments" on restrictions arising from her condition. Defendant's Reply (Document No. 15) at 1–2. Defendant also argues that the ALJ properly gave Dr. Douglas's opinion little weight based on inconsistencies with the record as a whole. *Id*. at 3. Defendant also disputes the argument that the ALJ gave deference to medical opinions that fit his beliefs about the client. *Id*. at 4. Defendant contends that the ALJ discussed his reasons for assigning weight to differing opinions and that the evidence supports his decisions. *Id*.

Plaintiff's second argument is that the ALJ failed to conduct an adequate analysis of Plaintiff's subjective symptoms. Memorandum in Support of Plaintiff's Motion for Judgment of Reversal (Document No. 10) at 32. According to Plaintiff, the ALJ failed to properly evaluate Plaintiff's subjective symptoms and, instead, rested his decision on "speculative conclusions regarding the import of or reason for various occurrences and conclusive self-serving opinions."

*Id*. at 34–35.  As a result, Plaintiff contends that the ALJ's credibility determinations should not be given deference.  *Id*. at 36.

Defendant responds that the ALJ correctly assigned Plaintiff's subjective complaints less than full credibility based on conflicts with other evidence in the record such as the description of Plaintiff's daily activities.  Memorandum of Law in Support of Defendant's Motion for Judgment on Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal (Document No. 11) at 25.  Additionally, Defendant points to evidence in the record that does not support Plaintiff's complaints, as well as gaps in treatment as discussed by the ALJ in his determination that Plaintiff's complaints were less than credible.  *Id*. at 26–28.

Plaintiff's third contention is that the ALJ failed to meet the requirements of the "special technique" in evaluating Plaintiff's psychological issues.  Memorandum in Support of Plaintiff's Motion for Judgment of Reversal (Document No. 10) at 37.  Plaintiff contends that the ALJ failed to specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment in his written decision.  *Id*.  According to Plaintiff, the ALJ also disregarded the impact of Plaintiff's pain when analyzing her ability to engage in social functioning, concentration, pace, and persistence.  *Id*. at 38–39.  As a result, the ALJ's determination of Plaintiff's restrictions in these areas was improper.  *Id*. at 30.

Defendant argues that the ALJ correctly evaluated Plaintiff's psychological issues, including the use of the "special technique."  Memorandum of Law in Support of Defendant's Motion for Judgment on Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal (Document No. 11) at 28–29.  Defendant also contends that the ALJ engaged in sufficient discussion related to Plaintiff's medical history to justify his findings.  Defendant's Reply (Document No. 15) at 6.

Plaintiff's final argument is that the ALJ's rejection of the third hypothetical presented by the vocational expert was unfounded.  Memorandum in Support of Plaintiff's Motion for Judgment of Reversal (Document No. 10) at 39; Plaintiff's Reply in Support of Her Motion for Reversal and Opposition to Defendant's Motion for Summary Affirmance (Document No. 14) at 11.  Plaintiff contends that based on her medical history and subsequent pain, she will need to miss at least one day of work per month.  Plaintiff's Reply at 11.

Defendant argues that Plaintiff's assertion that she will miss at least one day of work per month is unsupported by the record as a whole.  Defendant's Reply (Document No. 15) at 6.  Citing periods of infrequent treatment and periods where Plaintiff was described as asymptomatic, Defendant argues that the ALJ correctly refused to rely on the vocational hypothetical requested by Plaintiff.  *Id*.

**APPLICABLE STANDARDS**

42 U.S.C. § 405(g) establishes judicial review of the Commissioner's final decision with regard to Plaintiff's SSI claim, which will stand if it is based on substantial evidence in the record.  *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence."  *Butler*, 353 F.3d at 999 (quoting *Florida Mun. Power Agency v. F.E.R.C.*, 315 F.3d 362, 366 (D.C. Cir. 2003) (internal quotation omitted)).  The court "may not reweigh the evidence presented to it … [or] replace the [Commissioner's] judgment concerning the weight and validity of the evidence with its own." *Turner v. Colvin*, 964 F. Supp. 2d 21, 28 (D.D.C. 2013) (quoting *David v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983)).  Additionally, this Circuit has noted that "[s]ubstantial-evidence

review is highly deferential to the agency fact-finder." *Rosello ex rel. Rossello v. Astrue*, 529

F.3d 1181, 1185 (D.C. Cir. 2008) (citation omitted); *Little v. Colvin*, 997 F. Supp. 2d 45, 49

(D.D.C. 2013) (stating that "the court is not to review the case de novo or reweigh the evidence"

(citation and quotation omitted)); *Cunningham v. Colvin*, No. 13–00585, 2014 WL 2426750, at

*4 (D.D.C. May 30, 2014) (noting that the "plaintiff bears the burden of demonstrating that the

Commissioner's decision was not based on substantial evidence" (citation omitted)).


**DISCUSSION**

***Weight of Medical Opinions***

        Plaintiff argues that the ALJ improperly "rejected, or simply ignored, the records and

opinions of treating physicians Drs. Massoglia, McCollough, or Steinweg, or examining

psychologist, Dr. Diane Kern."  Memorandum in Support of Plaintiff's Motion for Judgment of

Reversal (Document No. 10) at 28.  A careful review of the ALJ's decision, however, reveals

that the ALJ did note (albeit not by name) a January 2002 surgery performed by Dr. Massoglia,

A.R. at 26, the results of an MRI performed in October 2010 by Dr. McCollough, *id*. at 29, and a

discussion of Plaintiff's psychological treatment from Dr. Kern, *id*.  The Commissioner concedes

that the ALJ did not discuss the records from Dr. Steinweg in his opinion, but argues that these

records and those of Drs. Massoglia, McCollough, and Kern contain merely "medical facts" and

do not qualify as medical opinions within the definition of the applicable regulations.

Defendant's Motion for Judgment of Affirmance (Document No. 11) at 17; Defendant's Reply

(Document No. 15) at 2.

        The regulations at issue define "medical opinions" as:

                [S]tatements from physicians and psychologists or other acceptable
                medical sources that reflect *judgments about the nature and severity
                of your impairment(s), including your symptoms, diagnosis and*

> *prognosis*, what you can still do despite impairment(s), and your
> physical or mental restrictions.

20 C.F.R. § 416.927(a)(2) (emphasis added).  The court reads this provision as a requirement that

the ALJ evaluate the records of each treating physician pursuant to the relevant regulations

outlined in 20 C.F.R. § 416.927(c).  This regulatory language mandates that the SSA will

"evaluate every medical opinion we receive."  20 C.F.R. 416.927(c).

    The court notes that Defendant offers no authority for the characterization of Dr.

Steinweg's report as anything other than a "medical opinion" within the meaning of the

regulations.  *See* 20 C.F.R. § 416.927(a)(2).  The court has observed that Dr. Steinweg's

observations constitute roughly 15 pages of the Administrative Record, outlining four office

visits, three referrals for follow-up treatment, and one phone call discussing Plaintiff's test

results.  *See* AR 580-95.  Moreover, the court observed that these observations include, at a

minimum, discussions of the nature and severity of Plaintiff's impairments, Plaintiff's

symptoms, diagnosis and prognosis, sufficient enough to constitute a "medical opinion" within

the meaning of the regulations.  20 C.F.R. § 416.927(a)(2).  Defendant's statutory interpretation

erroneously infers that a medical opinion, within the context of 20 C.F.R. § 416.927, must

"discuss or otherwise purport to opine on specific, work-related limitations, as required by the

relevant regulations." Defendant's Motion at 17.  The court finds, considering the totality of the

statute, that such language constitutes an example of what one could include in the definition of a

medical opinion under 20 C.F.R. § 416.927, rather than an absolute requirement.

    Because the ALJ did not mention the medical opinion of Dr. Steinweg, the court is

unable to determine whether the ALJ properly considered all of the medical opinions presented

during the administrative proceeding.  As this Circuit has established, "[t]he judiciary can

scarcely perform its assigned review function, limited though it is, without some indication nor

only of what evidence was credited, but also whether other evidence was rejected rather than simply ignored." *Brown v. Bowen*, 794 F.2d 703, 708 (D.C. Cir. 1986).  As such, the court will remand this case to the Social Security Administration for re-evaluation of the medical opinions at issue in this opinion.[1]

**CONCLUSION**

For the reason set forth herein, Plaintiff's Motion for Judgment of Reversal (Document No. 10) will be granted in part, Defendant's Motion for Judgment of Affirmance (Document No. 11) will be denied, and this case will be remanded this to the Social Security Administration for further proceedings consistent with this Memorandum Opinion, by order filed contemporaneously herewith.  In all other aspects, Plaintiff's Motion is denied.

_____/s/_____

Date: March 31, 2015                                  DEBORAH A. ROBINSON
                                                      United States Magistrate Judge

---

[1] In light of this determination, the court will make no further findings with regard to Plaintiff's additional claims at this time.